IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CV-397-FL

| | |
|---|---|
| LARRY BARBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| v. ) | AND |
| ) | RECOMMENDATION |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on plaintiff's motion for judgment on the pleadings (DE # 14) and defendant's motion for judgment on the pleadings (DE # 18). This matter has been fully briefed and is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for a Memorandum and Recommendation.

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's final decision denying plaintiff's claim for denying his application for a period of disability and disability insurance benefits. For the reasons set forth below, the court recommends denying plaintiff's motion and granting defendant's motion.

## STATEMENT OF THE CASE

Plaintiff applied for disability insurance benefits ("DIB") on April 12, 2004 and Supplemental Security Income benefits ("SSI") on April 26, 2004, alleging a disability onset date of November 11, 2003, due to pain and swelling in the knees and arthritis. (Tr. 22.) Plaintiff's application for benefits was denied initially and upon reconsideration. After a hearing on November 23, 2005, the Administrative Law Judge ("ALJ") determined that plaintiff was not

disabled within the meaning of the Social Security Act because work exists in significant numbers in the national economy that accommodates his Residual Functional Capacity ("RFC") and vocational abilities, and a decision was issued denying plaintiff's claim on March 15, 2006. The Social Security Administration's Office of Hearing and Appeals denied plaintiff's request for review on August 11, 2006, at which time the ALJ's decision became the final decision of the Commissioner. Plaintiff timely commenced the instant action for judicial review, pursuant to 42 U.S.C. § 405(g).

## STANDARDS FOR DISABILITY

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see 42 U.S.C. § 1382c(a)(3)(A); Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). The Act goes on to describe disability more specifically in terms of impairments:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. § 423(d)(2)(A); see 42 U.S.C. § 1382c(a)(3)(B).

The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). The burden of proving disability falls upon the claimant. English v. Shalala, 10 F.3d 1080, 1082

2

(4th Cir. 1993).

The disability regulations under the Act ("Regulations") provide the following five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (I) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [§ 404.1509 for DIB and § 416.909 for SSI], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. Part 404, subpt. P, app. 1] . . . and meets the duration requirement, we will find that you are disabled. . . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . . .

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. Pass, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. Id.

FINDINGS OF THE ALJ

In the instant action, the ALJ employed the five-step evaluation. First, the ALJ found that plaintiff had not engaged in substantial gainful employment since his alleged onset date. (Tr. 22.)

3

At step two, the ALJ found that the medical evidence indicates that plaintiff has severe degenerative joint disease of the knees. (Tr. 23.) However, the ALJ did not find that these impairments were severe enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (Id.) The ALJ then proceeded with step four of his analysis and determined that plaintiff retained the residual capacity to perform a sedentary work activity. (Tr. 25.) Based on this RFC finding, the ALJ found that plaintiff could not perform his past relevant work. (Tr. 26.) At step give, the ALJ found that there were other jobs in significant numbers in the economy that plaintiff was able to perform, based on Rule 201.19 of the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, App. 2, and determined that plaintiff was not under a disability at any time through the date of his decision. (Tr. 27.)

## STANDARD OF REVIEW

Under 42 U.S.C. §§ 405(g) and 1383(c)(3), judicial review of the final decision of the Commissioner is limited to determining whether the Commissioner's findings are "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is that "which a reasoning mind would accept as sufficient to support a particular conclusion." consisting of more than a mere scintilla of evidence, but . . . somewhat less than a preponderance." Id. In reviewing for substantial evidence, [the court] does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). Thus, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. See Hays, 907 F.2d at 1456.

DISCUSSION

In his supporting memorandum, plaintiff argues (1) that the ALJ erred by failing to consider the effect of plaintiff's impairments in combination; (2) that the ALJ erred by finding that the plaintiff can perform the full range of sedentary work; and (3) that the ALJ erred by not finding the plaintiff's shoulder problems to be a serious impairment.

A.   The ALJ properly considered the effect of plaintiff's impairments in combination.

Plaintiff first argues that the ALJ failed to consider the effect of his impairments in combination. However, the court finds that the ALJ clearly delineated in his written opinion which impairments were severe and which were not, and found that his degenerative joint disease of the knees, either singly or in combination [with his non-severe impairments], did not meet or equal an impairment in Appendix 1, Subpart P, Regulation No. 4 (Tr. 23.) Because the ALJ found that plaintiff had only one impairment that was severe within the meaning of the regulations (degenerative joint disease of the knees), it is clear that the ALJ considered whether this impairment, combined with those the ALJ found to be non-severe, met or equaled a Listing. (Id.) Given that plaintiff did not allege a disability on any other basis, the court finds that the ALJ did not err and that substantial evidence supports his findings concerning the severity of plaintiff's impairments.

B.   The ALJ correctly found that the plaintiff can perform the full range of sedentary work.

Plaintiff next argues that the ALJ erred by finding that he can perform the full range of sedentary work. The court would first note that plaintiff himself acknowledged that he would have been able to perform sedentary work had it been available, which is consistent with the medical evidence of record as well. (Tr. 266.) The ALJ carefully considered plaintiff's symptoms in his written decision, including pain and plaintiff's own testimony. (Tr. 23-25.) He did not consider

5

plaintiff's own reports of his daily activities to be consistent with the alleged functional limitations or his reports of pain. (Tr. 25.) The ALJ wrote, "The claimant's symptoms have been carefully considered but he appears to have overstated the level of pain he experiences." (Id.) As the Fourth Circuit held in Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994), the "only fair manner to weigh a subjective complaint . . . is to examine how [it] affects the routine of life." Furthermore, the ALJ explained how plaintiff's daily activities were consistent with sedentary work activity. "Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 'Occasionally' means occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday." Social Security Ruling 96-9p, 1996 WL 374185 at *3. Therefore, the court finds that substantial evidence supports the ALJ's assessment of plaintiff's RFC.

C.   The ALJ did not err by not finding plaintiff's shoulder problems to be a serious impairment.

Finally, plaintiff argues that the ALJ erred in failing to find his alleged shoulder impairments to be severe within the meaning of the regulations. However, the court finds that substantial evidence supports the ALJ's finding. Plaintiff testified that his knee problems, not his shoulders, prevented him from working. (Tr. 271.) He also reported he has not sought treatment for his shoulders. (Tr. 111, 158.) Therefore, the court also finds that the ALJ did not err in his finding concerning plaintiff's shoulder problems.

## CONCLUSION

Having found that the ALJ's decision in this case to be supported by substantial evidence, the court recommends that the finding of the Commissioner be upheld. For the foregoing reasons, it is RECOMMENDED that plaintiff's motion for judgment on the pleadings (DE # 14) be DENIED,

and defendant's motion for judgment on the pleadings (DE # 18) be GRANTED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten days to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This the 20th day of June, 2007.

E.S. SWEARINGEN
United States Magistrate Judge